## Weston et al. v. Gutwald et ux.

*Shettig & Scoope* and *Samuel Jubelirer*, for plaintiffs.

*Englehort & Larimer*, for defendants.

GRIFFITH, J., chancellor, August 24, 1946.—This is a bill in equity filed by the owners of a tract of land

originally containing 343 acres, situate in Cresson Township, Cambria County, Pa., their grantee and her lessee, against defendants, who are likewise grantees of a piece of the said tract 80 by 400 feet.

The bill sets forth that in the year 1912 Joseph C. Weston and James Clyde Weston purchased a tract of land containing 343 acres and 116 perches; that in 1925 they sold 9.273 acres of the said tract fronting along the William Penn Highway to Robert R. Jones and Alice Jones, one of the plaintiffs; that in 1929 they sold a piece 80 by 400 feet to Willis C. Weston and Carolyn Weston, his wife, by deed containing the following clause: "And it is further agreed that it is not to be transferred at any future time other than for residential purposes"; that in 1930 the Jones purchased another piece containing 4.76 acres across the highway; that in 1937 Joseph C. Weston conveyed to Naomi Bradley his undivided one half interest in the residue of the large tract; that also in 1937 Naomi Bradley conveyed the same undivided one half interest to James Clyde Weston and E. Mae Weston, his wife; and that in 1945 Willis C. Weston and Carolyn Weston, his wife, conveyed the piece 80 by 400 feet to defendants, and that said deed repeated the restriction against transfer other than for residential purposes.

The bill further avers that Robert R. Jones, since deceased, and Alice Jones erected a restaurant and service station, and developed a large trade with users of the highway, principally with trucking companies whose drivers made the restaurant a place to stop for meals and the service station a place for obtaining gas and oil. It is averred that the restriction above referred to was inserted in the deed to Willis Weston and wife in order to protect the Jones in the management of their property. It is further averred that defendants, notwithstanding the restriction above mentioned, have begun the construction of an addition to

the existing building on their lot for the purpose of opening a restaurant and applying for a restaurant liquor license.

Joseph E. Smithmyer, one of the plaintiffs, is the lessee of Alice Jones, and as such operates the restaurant and service station, Alice Jones continuing to operate a tourist home containing 26 sleeping rooms.

Plaintiffs further aver that if defendants were to obtain a liquor license on the premises now owned by them, the business of the said Joseph E. Smithmyer in catering to truck drivers would be seriously interfered with, and that many of the tourists who patronize the tourist home conducted by Alice Jones would no longer continue to do so.

Plaintiffs asked for a preliminary injunction, which was granted, enjoining defendants from conducting any business of any character upon their premises.

Defendants filed an answer, admitting substantially the averments contained in the bill, although denying that the opening of a restaurant with a liquor license by defendants would interfere in any way with the business of Alice Jones or her lessee. Defendants contend that the restriction contained in the deed to Willis C. Weston and wife is void. . . .

### Discussion

Defendants contend that the restriction contained in the deed from Willis C. Weston and wife to them is invalid for two reasons: (1) That it is purely a restraint against alienation and not against use; and, (2) that it is an unreasonable restraint of trade.

Since we are of the opinion that the restriction is an unreasonable restraint against trade, we shall not discuss defendants' first contention.

"A bargain in restraint of trade is illegal if the restraint is unreasonable": A. L. I. Restatement of Contracts, §514.

A restraint is unreasonable "if it, (*a*) is greater than is required for the protection of the person for whose benefit the restraint is imposed": A. L. I. Restatement of Contracts, §515; Harris Calorific Co. v. Marra et al., 345 Pa. 464. Under illustrations for clause (*a*) is found the following:

"1. A sells his grocery business to B, and as a part of the bargain promises not to engage in business *of any kind* within the city. The restraint is more extensive than is necessary for B's protection and the promise is illegal." (Italics supplied.)

"While the courts have manifested some disfavor of covenants restricting the use of property, they have generally sustained them where reasonable, not contrary to public policy, not in restraint of trade, and not for the purpose of creating a monopoly. . . . So long as the beneficial enjoyment of the estate is not materially impaired . . . such restrictions are valid": 14 Am. Jur. 616, §206.

Under the facts in this case we believe that the restriction on the use of defendants' property is unreasonable and in restraint of trade, and that the beneficial enjoyment of defendants' estate is materially impaired.

While James Clyde Weston is nominally a party plaintiff in this proceeding, it is quite apparent that the real parties in interest are Alice Jones and Joseph E. Smithmyer, her lessee. From the testimony, we believe that the restriction placed upon the use of defendants' property was for the purpose of protecting Robert and Alice Jones from competition. Unfortunately, from plaintiffs' viewpoint, instead of merely attempting to restrain competition, an attempt was made to prohibit Willis C. Weston's grantees from conducting any kind of business, whether competitive or not, on the premises.

This is not a situation where the development of a residential area was contemplated and covenants restraining building except for residential purposes were inserted in deeds for lots. Here the grantors had no thought of selling their remaining highway frontage for residential purposes, and during the many years which have elapsed no houses have been erected on the 343-acre tract of land with the exception of the Jones home, which was built at the same time as the Jones business was started. As a matter of fact, no other businesses have been started anywhere on the 343-acre tract. The purpose of the restriction was not a general scheme of excluding business establishments to the end that a more attractive residential area might be provided. The purpose was rather to restrain whoever might be Willis Weston's grantees from setting up a business which might compete with Robert and Alice Jones. We believe the restraint was unreasonable. It not only prohibited defendants from engaging in the business of operating a service station, restaurant and tourist home, but excluded them from all business activities on the premises. It would prohibit defendants from operating a tailor shop, a beauty shop, a carpentry shop, an electric appliance shop, and other such noncompetitive activities. In order to protect Alice Jones and her lessee as the operators of a service station (and the only damage alleged is the damage to Alice Jones and her lessee) it was unreasonable to prohibit business of any kind on defendants' lot. Such restraint was greater than "required for the protection of the person for whose benefit it was imposed." It is, therefore, unreasonable and, consequently, illegal: A. L. I. Restatement of Contracts, §§514 and 515. Being illegal, the courts must refuse their aid in the enforcement of the agreement. "No principle of law is better settled than that a party to an illegal contract cannot come into a court of law and ask to have

his illegal objects carried out; . . .": 17 C. J. S. 656, §272; Tucker v. Binenstock, 310 Pa. 254, 259. We must, therefore, dismiss the bill and dissolve the injunction heretofore granted.

### Conclusions of law

1. A bargain in restraint of trade is illegal if the restraint is unreasonable.

2. A restraint is unreasonable if it is greater than is required for the protection of the person for whose benefit the restraint is imposed.

3. The restriction contained in the deed to Willis C. Weston et ux., and in the deed from Willis C. Weston et ux. to defendants, which reads as follows: "It is further agreed that it is not to be transferred at any future time other than for residential purposes", is a greater restraint than was required for the protection of Robert and Alice Jones, for whose benefit it was imposed.

4. The courts will not lend their aid to the enforcement of an illegal contract.

5. The bill must be dismissed and the injunction heretofore granted must be dissolved.

We, therefore, enter the following

### Decree nisi

And now, August 24, 1946, after hearing and upon due consideration, it is hereby ordered, adjudged and decreed that the bill of complaint be dismissed and the injunction heretofore granted be dissolved at the cost of plaintiffs.

Unless exceptions are filed hereto within 10 days of notice of the filing hereof, this decree nisi shall become the final decree in the above stated cause.

GRIFFITH, J., December 30, 1946.—This is a bill in equity filed to enjoin defendants from conducting a business upon a lot of ground adjacent to plaintiffs. A

preliminary injunction was issued, but after hearing, the chancellor filed an adjudication dismissing the bill and dissolving the injunction on the ground that the restraint attempted in the restrictive clause contained in the deed to defendants was unreasonable as being greater than required for the protection of the person for whose benefit the restraint was imposed.

Eight exceptions were filed to the chancellor's adjudication, the first six having been filed to the chancellor's conclusions of law and decree nisi and the seventh and eighth to the findings of fact.

The seventh exception suggests error on the part of the chancellor in not finding for plaintiffs' on their twenty-first request for finding of fact. A portion of this request was found by the chancellor as a fact, but he refused to find that in the event defendants obtained a license to sell intoxicating beverages on their premises that it would be impossible for the plaintiff Smithmyer to continue in business. The chancellor also found that "some", rather than "many" tourists, who would otherwise patronize the tourists' home conducted by plaintiff Alice Jones would cease to patronize such tourists' home if intoxicating beverages were sold in the vicinity, and that the operation of the tourists' home could in that case no longer be continued. After considering the testimony, we are of the opinion that there was no error in refusing to find that the businesses of plaintiffs, Alice Jones and Joseph E. Smithmyer, would be compelled to cease. In the chancellor's twenty-first finding of fact, it was found that if defendants sell intoxicating beverages on their premises the businesses of these plaintiffs will be "somewhat affected". In our opinion, the sale of intoxicating beverages in the vicinity of plaintiffs' places of business may adversely affect their businesses to some degree, but would not result in such businesses being compelled to close. The seventh exception is, therefore, dismissed.

The eighth exception suggests that the chancellor erred in not finding that "in the event that intoxicating beverages are sold by defendants, the trucking companies which patronize plaintiffs will withdraw their business from plaintiffs, and that will result in irreparable damage to plaintiffs". The only testimony on this point was by plaintiff Smithmyer who testified that generally trucking companies will not permit their drivers to stop at places in the vicinity of an establishment selling intoxicating beverages. It may well be that the trucking companies prefer that their drivers stop at restaurants which are not in the vicinity of licensed places. However, whether they would withdraw their business from plaintiffs in the event that a license were granted to defendants is highly speculative, and we, therefore, dismiss the eighth exception.

Plaintiffs' exceptions one to six, inclusive, concern the five conclusions of law as found by the chancellor and the decree nisi.

The first, second and fourth conclusions of law to the effect that a bargain in restraint of trade is illegal if the restraint is unreasonable; that the restraint is unreasonable if it is greater than is required for the protection of the person for whose benefit the restraint is imposed, and that the courts will not lend their aid to the enforcement of an illegal contract, are, we believe, amply supported by the authorities: A. L. I. Restatement of Contracts, §§514 and 515; Harris Calorific Co. v. Marra et al., 345 Pa. 464; Tucker v. Binenstock, 310 Pa. 254, 259; 17 C. J. S. 656, §272.

The fifth exception is to the chancellor's fifth conclusion of law that the bill must be dismissed and the injunction dissolved. The sixth exception concerns the decree nisi.

The third exception concerns the third conclusion of law to the effect that the restrictive clause contained in the deed to Willis C. Weston et ux. and in the deed

from him and his wife to defendants, imposes a greater restraint than was required for the protection of Robert and Alice Jones. We believe this conclusion of law was justified by the evidence, and, consequently, dismiss exceptions one to six, inclusive.

In the prayer of their bill, plaintiffs ask that defendants be restrained from conducting "a business of any character upon their premises and from using the premises in said deed described other than for residential purposes". Since the filing of the decree nisi plaintiffs have apparently changed their position, and now contend that if defendants had undertaken to conduct any of the various noncompetitive types of business suggested in the chancellor's discussion, plaintiffs would not have sought enforcement of the restriction.

The test of the reasonableness of a restriction is not what type of business plaintiffs out of forbearance might allow but rather what could be prohibited under a reasonable construction of the restrictive clause contained in the deed. Here, the clause prohibited business uses of whatever character, and limited the use of defendants' property to residential purpose only. Moreover, any other part or parts of the large remaining acreage could be sold by plaintiffs, James Clyde Weston and E. Mae Weston, without restrictive covenants, and the grantees of such portions of the tract could conduct businesses competitive to Alice Jones and Joseph E. Smithmyer, leaving only defendants' small lot restricted.

Plaintiffs suggest that there is no particular sanctity in the preservation of a quiet site for a home superior to the right to preserve a going business against competition on an adjoining lot. The issue in this case is not whether there is any special sanctity in a home site as contrasted with a business location. The point is that in a residential neighborhood a restriction against all but residential uses is *necessary* to preserve

the character of the neighborhood, and therefore reasonable. In this case, a restriction against the use of defendants' land for a service station or for some similar purposes would have been sufficient to protect the business of Alice Jones and Joseph E. Smithmyer. Here, however, the restriction went far beyond the mere protection from competition of an adjoining service station and tourists' home, but prohibited all business whatsoever. Such a limitation as a general restraint upon all business uses in a nonresidential area is illegal as an unreasonable restraint against trade which materially impairs the beneficial enjoyment of the estate granted: A. L. I. Restatement of Contracts, §515; Harris Calorific Co. v. Marra et al., 345 Pa. 464. Also in Henschke et al. v. Moore et al., 257 Pa. 196, 203, the court said (quoting from Oregon Steam Navigation Co. v. Winsor, 87 U. S. 64) : ". . . In order that it may not be unreasonable, the restraint imposed must not be larger than is required for the necessary protection of the party with whom the contract is made."

Plaintiffs suggest that when A sells a parcel of land to B for business purposes, and B is a member of A's family and has established the business, that it is not unreasonable that A in conveying an adjoining parcel without consideration to another member of the family should seek to protect B not against A's immediate grantee, but against his successors in title. There is nothing unreasonable in the example as far as it goes, but in this case the restriction attempted to do much more than merely protect B in the preservation of her business. The restriction in the deed for the defendants' premises sought to prevent the use of defendants' land for all business purposes, whether competitive or noncompetitive, and, therefore, was an unreasonable restriction and hence illegal.

We, therefore, enter the following

318

*Decree*

And now, December 30, 1946, after argument and upon due consideration, it is hereby ordered, adjudged and decreed that plaintiffs' exceptions be dismissed at the costs of plaintiffs, and that the decree nisi be adopted as the final decree and so entered by the prothonotary.